UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JULIE E. CAMACHO,

                Plaintiff,

-against-

NASSAU BOCES SCHOOL DISTRICT, BOARD OF
COOPERATIVE EDUCATIONAL SERVICES OF
NASSAU COUNTY (BOCES), DR. ROBERT DILLON,
DR. JAMES T. LANGLOIS, DR. ROBERT HANNA,
LAWRENCE MCGOLDRICK, ROBERT GREENBERG,
JOHN PICARELLO, BONNIE HELLER, DAVID
KOFFLER, ANA MULLIN, ALYSSA PARETTI, DR.
RANDALL SOLOMON, ISLAND PSYCHIATRY, P.C.,
and JOHN DOE and JANE DOE # 1-10,

                Defendants.
---------------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

21-CV-01523 (DRH) (JMW)

**WICKS,** Magistrate Judge:

    Rule 1 of the Federal Rules of Civil Procedure mandates that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[1] A request to stay litigation appears to be the antithesis of that command. Indeed, some have questioned whether staying discovery in fact stays justice.[2] Before the Court is Defendants' Nassau BOCES School District, Board of Educational Services of Nassau County, Dr. Robert Dillon, Dr. James Langlois, Dr. Robert Hanna, Lawrence McGoldrick, Robert Greenberg, John Picarello, Bonnie Heller, David

---

[1] Indeed, the 2015 amendments to Rule 1 were intended to make clear that not only are courts required to construe the rules in this way, but that "parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee's notes to 2015 amendment.

[2] *See, e.g.*, Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 WAKE FOREST L. REV. 71, 72 (2012).

Koffler, Ana Mullin, and Alyssa Paretti ("the BOCES Defendants") motion to stay discovery pending a decision on their motion to dismiss the Complaint. Although the motion is unopposed by Defendants, Dr. Randall Solomon and Island Psychiatry, P.C. (collectively referred to as ("Solomon"), and unopposed by Plaintiff, the Court nevertheless must determine whether a stay is warranted and finds here that it is.

Plaintiff commenced this action asserting claims pursuant to 42 U.S.C. § 1983 for alleged due process violations, as well as claims for defamation and defamation *per se*, discrimination based on age, gender, religion and disability in violation of New York State Human Rights Law ("NYSHRL"), breach of contract, negligence, intentional and negligent infliction of emotional distress, and fraud. (DE 1, Ex. A.) The BOCES Defendants' and Solomon Defendants' filed motions to dismiss Plaintiffs' claims in their entirety. (DE 17; DE 18-23.) The BOCES Defendants subsequently moved to stay discovery. (DE 24-26.) Solomon and Plaintiff do not oppose the motion to stay discovery. (DE 26, Ex. A.) For the reasons that follow, Defendants' motion to stay discovery is granted.

## I. FACTUAL BACKGROUND

The following facts are taken from the Complaint unless otherwise stated and are assumed true for purposes of this motion. In 2007, Plaintiff began working at Rosemary Kennedy Center School of Nassau BOCES, as a teacher's aide/classroom aide for students with severe autism and Down syndrome. (DE 1; Ex. A, ¶¶ 2, 20.) Plaintiff also worked as a Spanish translator for the nurse's office. (*Id*. ¶ 20.) At that time, Dr. Dillon was the District Superintendent and regional representative for the New York State Commissioner of Education; Dr. Langlois was the Superintendent for Nassau BOCES; Dr. Hanna was the Deputy Superintendent for Nassau BOCES; McGoldrick was the Assistant to the Deputy Superintendent

for Nassau BOCES; Greenberg was the Interim Executive Director Human Resources for Nassau BOCES; Picarello was the Principal at Rosemary Kennedy; Heller was the Assistant Principal; Koffler was a teacher at Rosemary Kennedy; Mullin was a teacher's aide/classroom aide; and Paretti was a speech/language pathologist. (*Id*. ¶¶ 6-15.)

Prior to 2011, there were never any unsatisfactory write-ups regarding Plaintiff's work performance. (*Id*. ¶ 21.) Around 2011, Plaintiff submitted her first complaint to Principal Picarello about Paretti, a speech/language pathologist at the school. (*Id*. ¶ 22.) Principal Picarello ignored the complaints and would not transfer Plaintiff to another BOCES location. (*Id*.) The alleged hostile work environment continued and Plaintiff continued to complain to Principal Picarello, who advised Plaintiff to ignore the harassment. (*Id*. ¶ 24.)

In December 2013, Assistant Principal Heller scheduled a meeting with Plaintiff and Principal Picarello, and they accused Plaintiff of hurting a child and treating staff poorly. (*Id*. ¶ 25.) Also, Assistant Principal Heller prohibited Plaintiff from wearing non-latex gloves, despite Plaintiff advising of a medical condition that resulted in a weakened immune system, which required her to wear the gloves. (*Id*.)

Plaintiff denied the aforementioned allegations and requested an investigation, but Assistant Principal Heller unilaterally found Plaintiff guilty of the accusations without an investigation. (*Id*. ¶26). Plaintiff then filed a complaint against the administration and the co-workers she had previously complained about in 2011-2012, and made a request to Human Resources for a transfer to another BOCES location without loss of seniority. (*Id*. ¶ 27.) Pending this request, Plaintiff was transferred to another classroom in the same school, and two of Peretti's friends, Jack Groen and Anna Mullin, continued to harass Plaintiff. (*Id*. ¶ 28.) Plaintiff requested a transfer to another classroom, but was denied. (*Id*.)

Next, Plaintiff requested a meeting with McGoldrick, the Assistant to the Deputy Superintendent, to discuss her transfer request and the hostile work environment. (*Id*. ¶ 29.) Her union representative requested that she be placed on voluntary administrative leave and the request was granted. (*Id*.) In September of 2014, Plaintiff was involuntarily placed on a second administrative leave pending a mandated psychiatric evaluation pursuant to 913 of the New York State Education Law. (*Id*. ¶ 30.) Plaintiff underwent the exam with Dr. Solomon on October 7, 2014. (*Id*. ¶ 31.) Dr. Solomon did not perform any psychological testing during the two-hour visit. (*Id*.) Dr. Solomon concluded that there was high risk that Plaintiff would continue to foster conflict in the workplace and violate teacher-student boundaries, and that she was not mentally fit to continue working as a teacher's aide at BOCES. (*Id*. ¶ 32.)

In January of 2015, Plaintiff was charged with misconduct and placed on unpaid suspension. (*Id*. ¶ 33.) A hearing on the charges was adjourned because Plaintiff needed surgery after collapsing due to internal inflammation caused by pain and suffering. (*Id*.) In February of 2014, Plaintiff's attorney advised BOCES that she was available for the hearing, but BOCES did not schedule the hearing until September of 2015. (*Id*. ¶ 33.) Plaintiff was terminated in December of 2015. (*Id*. ¶ 34.) Plaintiff was offered a new job elsewhere on August 24, 2018, but on September 4, 2018, she was denied full security clearance because of the prior findings by Dr. Solomon and BOCES. (*Id*. ¶ 36.)

On November 23, 2018, Plaintiff served notices of claim on Nassau BOCES School District and Board of Cooperative Educational Services of Nassau County ("BOCES"), and appeared for 50-h hearings on January 8, 2019. (*Id*. ¶¶ 37-38.) Plaintiff commenced this action in Nassau County Supreme Court on February 24, 2021 and Defendants removed the case on March 23, 2021. (DE 1.)

## II. STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

## III. DISCUSSION

### A. BOCES Defendants [3]

BOCES Defendants contend that their motion to dismiss will likely be dispositive of Plaintiff's claims based on lack of personal jurisdiction, lack of subject matter jurisdiction,

---

[3] The Court notes that there is no dispute that the entity named as Nassau BOCES School District does not exist and should be dismissed from the case. (DE 20 at 22; DE 21 at 24-25.)

statute of limitations, and various other arguments regarding the viability of the claims. (DE 24 at 4-5.)

Specifically, BOCES Defendants argue that Plaintiff's § 1983 cause of action is untimely because the statute of limitations for such claims is three years and Plaintiff has not worked for BOCES since December of 2015. (DE 20 at 7.) It appears that the Defendants' motions to dismiss may have merit insofar as almost all of Plaintiff's claims appear to be time-barred.[4] The statute of limitations for claims pursuant to § 1983 is three years. *Eagleson v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). Plaintiff commenced this action on February 24, 2018, over five years after she was terminated, which on its face exceeds the three-year statute. Plaintiff, relying on *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), asserts that a § 1983 violation accrues "when the plaintiff knows or has reason to know of the injury which is the basis of [the] action." Plaintiff argues that she could not have known of the injury until May of 2018 when she was denied the security clearance for a new job and accordingly argues that the § 1983 cause of action was fraudulently concealed, and thus, the statute of limitations was tolled. Plaintiff's Complaint though seems to cut against her own arguments as she alleges violations that occurred dating back to 2011. Defendants' argument appears meritorious, especially considering "the proper focus is on the time of the *discriminatory act*, not the point at which the consequences of the act becomes painful." *Eagleson*, 41 F.3d at 871 (internal quotation and citation omitted).

BOCES Defendants also argue that Plaintiff fails to state a plausible claim under § 1983 based on a vague allegation that she was "denied security clearance" by a prospective employer

---

[4] To be clear, the Court is not in any way prejudging the anticipated motions to dismiss, but merely considering their plausibility for purposes of weighing whether a stay should be granted in light of Rule 1's mandate.

in 2018, but such allegation does not allege any act or conduct that could be construed as a deprivation of property right or liberty interest. (DE 20 at 7-10.) BOCES Defendants further argue that the Complaint is devoid of factual allegations as to how the individual BOCES Defendants violated Plaintiff's constitutional rights/had personal involvement and that she was afforded all the process which she was entitled to prior to being terminated from BOCES. (*Id*.) Defendants assert that Plaintiff does not expressly plead a stigma-plus claim in her Complaint, but even if she did, the requisite "plus" element of a stigma-plus claim did not occur within the statute of limitations, *and* Plaintiff did have a pre-termination hearing. *See DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) ("'Stigma plus' refers to a claim brought for injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process."). To establish a stigma-plus claim, a plaintiff must prove (1) that she was defamed; (2) that the defamation took place in the course of her termination of governmental employment or was coupled with a deprivation of a legal right or status. *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002). To establish defamation the plaintiff "must show that the statements complained of were false; that they stigmatized the plaintiffs; and that they were publicized." *Id*. at 101-02. Plaintiff argues that the Article 78 hearing did not adequately protect her interests because that proceeding only allowed for limited discovery, but it is entirely unclear what authority Plaintiff relies on in making such an argument. Nonetheless, at this stage, the defamation arguments in regard to a stigma-plus claim are not clear cut, as it is questionable whether Dr. Solomon's report was false, and thus, the argument for dismissal of the stigma plus claim does not weigh for or against a stay of discovery.

BOCES Defendants further argue that Plaintiff did not plead adequate facts regarding an alleged constitutional violation resulting from a District policy, custom or practice pursuant to

*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, BOCES Defendants contend that Plaintiff has not sufficiently pled personal involvement of the individual BOCES Defendants in the alleged constitutional deprivations, which is required in order to state a claim for relief pursuant to § 1983. *Johnson v. Barney*, 360 Fed. Appx. 199, 201 (2d Cir. 2010). In opposition, Plaintiff also relies on *Monell*, arguing that an employee sued in their official capacity can be held accountable for a constitutional violation that has occurred pursuant to a regulation or custom despite such custom not being formally approved through the body's official decision-making channels. *Monell*. at 690-91. Defendants rightfully point out that the allegations Plaintiff now relies on to support this argument (enumerated in her opposition), namely that BOCES Defendants improperly retained Dr. Solomon's services without soliciting bids, were absent from her Complaint. (DE 23 at 5; DE 21 at 12-13.) If Plaintiff were granted leave to amend her Complaint with this new purported information, the strength of Defendants' argument is not clear on its face, and therefore, that portion of Defendants' motion to dismiss does not weigh as strongly in favor of a stay.

In regard to the claims pursuant to NYSHRL, BOCES Defendants further argue that they are time barred as to BOCES, Dillon, Langlois, Hanna, and Greenberg because there is a one-year statute of limitations, meaning potential claims expired a year after Plaintiff was terminated in December of 2015. (DE 20 at 12.) As for the non-officer Nassau BOCES Defendants, the statute of limitations is three years, which Defendants assert still expired, at the latest, in December of 2018. (DE 20 at 13.) Further, BOCES Defendants assert that Plaintiff failed to comply with the applicable condition precedent pursuant to N.Y. Educ. L. § 3813(1), requiring a written verified claim to be presented to the governing body of the board of cooperative educational services within three months of the claim's accrual. (*Id*.) It also appears that the

8

NYSHRL claims are time barred for both the officer and non-officer BOCES Defendants. Based on the three-year statute of limitations for the non-officer Defendants and the one-year statute of limitations for the officer-level Defendants, plaintiff's claims filed on February 24, 2021, were not timely as her employment with BOCES ended on December 18, 2015. *See Smith v. Tuckahoe Union Free School District*, No. 03 Civ. 7951 (PGG), 2009 WL 3170302, at * 10 (S.D.N.Y. Sep. 30, 2009). Plaintiff's reliance on the continuing violation doctrine, which applies to claims "composed of a series of separate acts that collectively constitute one unlawful practice," appears misplaced. *Washington v. City of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004). The denial of security clearance that occurred in 2018 was not an act by any of the named Defendants. Plaintiff does not oppose BOCES Defendants' argument that she failed to comply with N.Y. Educ. L. § 3813(1)'s condition precedent for filing a claim within three months of the claim's accrual. Accordingly, Defendants also appear to have a meritorious argument that the NYSHRL claims are barred by the statute of limitations.

BOCES Defendants also contend that pursuant to N.Y. Exec. L. § 296(6), there is no individual liability under NYSHRL and any claims for discrimination and retaliation under NYSHRL could only be pursued against the individually named BOCES Defendants under an aider and abettor theory. (DE 20 at 14.) A primary violation must be established in order for aider and abettor liability to be found. *Mazyck v. Metropolitan Transp. Authority*, 893 F. Supp. 2d 574, 597 (S.D.N.Y. 2012). Plaintiff argues that the record is unclear as to whether Plaintiff complained of all or only some of the incidents alleged in her Complaint to the DHR. (DE 21 at 17.) Plaintiff seems to be in the best position to know this information, but does not put forth any further argument. Accordingly, Defendants' argument to dismiss the aider and abettor claims also seems to have merit.

As for Plaintiff's state law tort claims, BOCES Defendants contend that defamation, defamation *per se*, fraud, negligence, and intentional infliction of emotional distress as against the BOCES Defendants are barred by the one-year and ninety-day statute of limitations due to the notice of claim requirement of N.Y. Educ. L. § 3813(2). (DE 20 at 15.) Moreover, BOCES Defendants assert that the breach of contract claim against BOCES, Dillon, Langlois, Hanna, and Greenberg are also time barred due to the one-year statute of limitations under N.Y. Educ. L. § 3813(2-b). (DE 20 at 20.) Therefore, BOCES Defendants argue that any claims arising prior to November 26, 2019, are time barred because this lawsuit was not commenced until February 24, 2021, and that none of the acts/omissions alleged occurred after November 26, 2019. (*Id*.)

For the same reason set forth above, BOCES Defendants' arguments regarding the statute of limitations for defamation, defamation *per se*, fraud, negligence, and intentional infliction of emotional distress (one-year and ninety-days under N.Y. Educ. L. § 3813(2)) appear to have merit. Likewise, Plaintiff's state law tort claims may likely be dismissed as time barred under the applicable three-year statute of limitations as Defendants point out that none of the acts/omissions alleged occurred after November 26, 2019. Although not specifically addressed, it appears that Plaintiff intended that the continuing violation doctrine also applies to the one-year statute of limitations period (N.Y. Educ. L. § 3813(2-b)) for the breach of contract claim against several of the BOCES Defendants. As noted above, this argument does not seem to apply under these facts.

BOCES Defendants assert that the Complaint is devoid of any allegations that Plaintiff had a valid binding contract, neither notice of claim alleged breach of contract, and the Complaint is not factually specific to state a plausible claim for breach of contract. (DE 20 at 20-21.) Plaintiff's argument in opposition regarding the breach of contract claim is based solely

upon the employee handbook and does not provide any legal support that specifically stands for the proposition that an employee handbook is a legally binding contract. BOCES Defendants' argument for dismissal of the breach of contract claim appears meritorious.

BOCES Defendants further argue that Plaintiff's discrimination and retaliation claims pursuant to the NYSHRL must be dismissed because this Court lacks subject matter jurisdiction over such claims. (DE 20 at 10.) To that end, BOCES Defendants allege that Plaintiff already elected her remedy by filing a Complaint with DHR in May of 2015, and an Amended Complaint in January of 2016, against BOCES, Koffler, Paretti, and Mullin, asserting the same claims herein. (DE 20 at 11.) New York State Division of Human Rights ("DHR") dismissed the Complaint on the merits. (*Id*.) BOCES Defendants argue that Plaintiff is also collaterally estopped from reasserting these claims since she was represented by legal counsel of her choosing and she unsuccessfully appealed the DHR's dismissal by way of an Article 78 proceeding. (*Id*.) While Plaintiff does not dispute that she brought these claims before the DHR, she disputes whether she had a full and fair opportunity to litigate the claims since her attempt to appeal the DHR decision, at which point she was *pro se*, was denied procedurally for failure to file a notice of claim. (DE 21 at 14.)[5] This issue is less clear on its face and therefore, does not weigh one way or another regarding a stay of discovery.

Last, BOCES Defendants argue that the individually named BOCES Defendants were not personally served because Plaintiff attempted to serve the summonses and complaints by leaving them with a person of suitable age and discretion at the individuals' place of business, but

---

[5] The Court notes that the cases that Plaintiff relies upon regarding the Court's discretion to determine when collateral estoppel should be applied, discuss *offensive* collateral estoppel. *See Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 240-41 (2d Cir. 2018) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 330-31 (1979).

Langlois, Hanna, McGoldrick, Greenberg, Picarello, and Heller were not employees of BOCES at that time. (DE 20 at 21.) Plaintiff does not rebut the argument that Defendants Langolis, Hanna, McGoldrick, Greenberg, Picarello, and Heller were not employees of BOCES at the time this action was commenced, but instead argues that she exercised due diligence in attempting to locate these Defendants simply by having the process server inquire whether the premises was those Defendants' place of business. (DE 21 at 25.) Plaintiff cites two cases, arguing that "*all available* information indicates the location as the defendant's actual place of business." (emphasis added) (DE 21 at 25.) However, in *Velez v. Vassallo*, 203 F. Supp. 2d 312, 324 (S.D.N.Y. 2002) and *Sartor v. Utica Taxi Ctr., Inc.*, 260 F. Supp. 2d 670, 678 (S.D.N.Y. 2003), the Plaintiffs pointed to public and private records, documents, and other information to support the argument that Defendants were properly served. Here, it appears that Plaintiff assumed these individual Defendants still worked at BOCES without performing any actual due diligence because there is a complete lack of support or information as to what steps Plaintiff took to locate the individual Defendants. Accordingly, BOCES Defendants' argument as to lack of personal service also appears to have merit.

### B. **Defendant Dr. Solomon**[6]

Dr. Solomon similarly argues that all of Plaintiff's claims (including medical malpractice sounding in negligence) are barred by the applicable statutes of limitations (aside from fraud which has a 6-year statute of limitations and would have expired but for the Executive Order issued in response to the COVID-19 Pandemic) and that Plaintiff made an election of remedies,

---

[6] Dr. Solomon consented to BOCES Defendants' request for a stay, but did not move separately for a stay. Notwithstanding, in making its determination, the Court considered whether Dr. Solomon made a strong showing that Plaintiff's claims lack merit in his motion to dismiss.

12

thus waiving any right to make the same claim in this Court.[7] (DE 17, Ex. 2 at 2-5, 8-10.) Dr. Solomon further argues that the fraud claim should be dismissed because the pleadings are conclusory, and that the § 1983 claims should be dismissed because Dr. Solomon is a private psychiatrist and therefore not a "state actor." (*Id*. at 4-8.) Dr. Solomon also argues that the medical malpractice cause of action must fail because there was no doctor-patient relationship. (*Id*. at 5.)

Dr. Solomon's arguments regarding the statute of limitations also appear meritorious for all of the reasons stated herein. However, the fraud claim in regard to Defendant Solomon is not as clear cut, as he does not fall under the one-year and ninety-days statute of limitations pursuant to N.Y. Educ. L. § 3813(2). "[T]o state a claim for fraud, a plaintiff must plead (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of plaintiff; and (5) resulting damage to the plaintiff." *Wells Fargo Bank, N.A., v. Scott*, CV 15-5647 (LDW), 2017 WL 1131904, at *2 (E.D.N.Y. Mar. 24, 2017) (internal quotation and citation omitted). The claimant must also "(1) specify the statements that the [claimant] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* (internal quotations and citations omitted).

Upon review of Plaintiff's opposition papers (DE 17, Ex. 4), it is apparent that Plaintiff is alleging Dr. Solomon's report contained misrepresentations that were purposely made in collusion with the BOCES Defendants, which resulted in her termination and subsequent lack of security clearance years later for a new job. Plaintiff identifies specific portions of the report she claims were fraudulent. (*Id.* at 16.) However, it is less clear in what way Plaintiff made a

---

[7] Dr. Solomon's arguments in favor of dismissal largely mirror the BOCES Defendants' arguments and are therefore those arguments are not repeated herein.

reasonable reliance on Dr. Solomon's report, and what basis there is for how the statements were fraudulent. As Plaintiff's opposition also requests an opportunity to amend her Complaint, these issues may possibly be clarified, and thus, the Court finds that Dr. Solomon's fraud argument does not weigh for or against imposing a stay of discovery.

Dr. Solomon's collateral estoppel and res judicata arguments are also not as clear cut. Without specifying which claims should be barred by collateral estoppel and res judicata, Dr. Solomon vaguely asserts that "the decision of the arbitrator and the decision of the Appellate Division supporting and affirming that award," should be barred. (DE 17, Ex. 2 at 8-9.) Dr. Solomon goes on to argue that even though he was not an employee of BOCES when the issues were previously litigated, the claims should also be precluded against him because he was in privity with BOCES Defendants. (*Id*.) Plaintiff points out that in all other respects Dr. Solomon denies existence of privity with BOCES Defendants, specifically stating that he is a private psychiatrist and not a BOCES employee. (DE 17, Ex. 4. at 18.) The Court finds that on their face, Dr. Solomon's collateral estoppel and res judicata arguments do not weigh for or against a stay.

Overall, BOCES Defendants and Dr. Solomon have made a showing sufficient that their 12(b)(6) arguments may be meritorious. Given that Plaintiff's claims reach back to at least 2011 and there are 14 named Defendants, the breadth of discovery is likely to be voluminous. Moreover, a stay of discovery would pose minimal, if any, risk of prejudice to Plaintiff since discovery has not begun and Plaintiff expressly advised Defendants that she does not oppose a stay of discovery. Under these circumstances, good cause exists to warrant a stay of discovery.

## IV. CONCLUSION

BOCES Defendants' motion for a stay of discovery pending resolution of their motion to dismiss is therefore GRANTED.

Dated: Central Islip, New York
October 25, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge